# WINCHESTER REPEATING ARMS COMPANY *v.* PETERS CARTRIDGE COMPANY.

### TRADEMARKS; DESCRIPTIVE WORDS.

The word "Self-Loading," as applied to cartridges, is not registerable as a trademark, being descriptive of a function of cartridges adapted to the use of self-loading guns,—especially where there is nothing to show that there is anything patentable about the cartridge to which the exclusive privilege of applying the word is sought. (Following *Re American Circular Loom Co.* 28 App. D. C. 450.)

No. 457. Patent Appeals. Submitted January 23, 1908. Decided March 3, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to registration of a trademark.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. George D. Seymour* for the appellant.

*Mr. Frank T. Brown* and *Mr. Francis A. Hopkins* for the appellee.

*Mr. Justice* ROBB delivered the opinion of the Court:

This is an opposition by the Peters Cartridge Company to the registration of the words "Self-Loading" as a technical trademark for cartridges. The grounds of the opposition are that the Peters Cartridge Company is a manufacturer of cartridges similar to and susceptible of the same use as those manufactured by appellant, and that the mark sought to be registered is

a necessary and desirable term to apply to certain forms of cartridges.

The record discloses that appellant put upon the market a gun of the type theretofore known as "automatic," and widely advertised it as "Winchester Model 1905 Self-Loading Rifle," and that shortly thereafter it designed and put upon the market cartridges adapted for use in the new gun, and which it advertised and sold as "Winchester Self-Loading" cartridges. The record further shows that in seventeen different patents issued by the Patent Office from 1837 to 1864 the term "Self-Loading" has been applied to firearms, either by the patentee in describing his invention, or by the Patent Office, and that the term, as applied to guns, is synonymous with "automatic."

Counsel for appellant in his brief concedes that the words "Self-Loading," when applied to a gun, are "descriptive of the performance of the gun in loading itself." It necessarily follows that the words would not be entitled to registration as a technical trademark for guns. But a gun is no more self-loading than is a cartridge, since it is the recoil of the cartridge when fired that operates the breech mechanism of the gun, and thereby ejects the empty shell and permits a fresh cartridge to take its place in the gun chamber. "Self-Loading," when applied to a gun, suggests to the trade a so-called automatic gun, and when applied to a cartridge suggests with equal force and aptness the function of the cartridge. Moreover, it is perfectly apparent from an examination of the record that appellant selected these words and attempted to trademark them because they aptly informed the trade of the purpose for which its goods are made and of the use to which they are to be put. The case therefore falls within the ruling of *Re American Circular Loom Co.* 28 App. D. C. 450, where it was held that the words "circular loom," when applied to "conduits and coverings for electrical conductors containing a resilient spiral lining," are not registerable as a trademark because "descriptive in the sense of the law forbidding registration as a trademark." The record discloses that there is nothing patentable about the cartridge to which the exclusive privilege of applying these

words is sought. The grant of such a privilege would result in a decided advantage to appellant, and enable it to enjoy a measurable monopoly not contemplated or authorized by law.

We conclude, therefore, that the appellant has no right exclusively to use these words as applied to cartridges, and that the Commissioner was right in so holding. The decision appealed from therefore is affirmed. The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, in accordance with law. *Affirmed.*